

# IN THE
# TENTH COURT OF APPEALS

### No. 10-24-00172-CR

DAVID COCKERELL,

                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                    Appellee

**From the 87th District Court**
**Freestone County, Texas**
**Trial Court No. 21-010CR**

## MEMORANDUM OPINION

David Cockerell was charged with possession of a controlled substance. Cockerell pled guilty, and an adjudication of guilt was deferred. Cockerell was placed on community supervision, deferred adjudication for three years. Pursuant to the State's motion to adjudicate and Cockerell's plea of true to all but three allegations, Cockerell was subsequently adjudicated guilty and sentenced to 15 months in a State Jail facility. We affirm the trial court's judgment.

Cockerell's appointed counsel filed a motion to withdraw and an *Anders* brief in

support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-320 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Counsel points out that the judgment incorrectly reflects that Cockerell pled true to all violations alleged in the State's motion to adjudicate when Cockerell pled not true to three of the 12 allegations. Although this issue is not reversible error, as counsel acknowledges, *see Cummins v. State*, 646 S.W.3d 605, 610 n.2 (Tex. App.—Waco 2022, pet. ref'd); *Allison v. State*, 609 S.W.3d 624, 627-628 (Tex. App.—Waco 2020, order), counsel requests that we modify the trial court's judgment to "speak the truth." *See Asberry v.*

*State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd).  Counsel is correct that Cockerell pled not true to violations 1, 2, and 4, and pled true to violations 3, 5, 6, 7, 8, 9, 10, 11, and 12.  Thus, we modify the trial court's judgment to reflect that Cockerell pled true to violations 3, 5, 6, 7, 8, 9, 10, 11, and 12 and not true to violations 1, 2, and 4.  *See Cummins*, 646 S.W.3d at 616.

Accordingly, we affirm the trial court's judgment as modified.

Counsel's motion to withdraw from representation of Cockerell is granted.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed as modified; motion granted
Opinion delivered and filed December 5, 2024
Do not publish
[CR25]

